UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

*United States Courts*
*Southern District of Texas*
*FILED*

AUG 08 2017

David J. Bradley, Clerk of Court

John A. Olagues, Pro Se
A shareholder of
Plains All American Pipeline Inc.
423 Sauve Rd, River ridge LA. 70123
504-305-4071, olagues@gmail.com

          Plaintiff

          Private Right of Action
          Under Section 16 b of the
          Securities Act of 1934
          CIVIL ACTION NO.

Versus

Greg Armstrong Chairman and CEO of
Plains All American Pipeline Inc. and
Plains All American Pipeline Inc.

**17 CV 2431**

Defendants

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff, alleges, based upon knowledge with respect to the facts relating to him upon information and belief with respect to all other allegations, as follows:

### INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendant Greg Armstrong while he was statutory insider and CEO of Plains All American Pipeline Inc.

1

3. Greg Armstrong at all relevant times was an officer of Plains All American Pipeline Inc. within the meaning of Section 16(b).

4. Section 16(b) requires company insiders to disgorge any profits earned by Section 16 (b) insiders through short-swing insider trading (i.e., non exempt purchases and sales, or non exempt sales and purchases, of the company's securities, within less than a six month period). Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information.

## PARTIES

- Plaintiff , John Olagues is a shareholder of Plains All American Pipeline Inc.

- Defendant, Greg Armstrong CEO of Plains All American Pipeline Inc.

- Defendant, Plains All American Pipeline Inc .

5. Plains All American Pipeline Inc., Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ and NYSE under the symbol PAA .

6. Plains All American Pipeline Inc. is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the firm, Plains All American Pipeline Inc.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendant Greg Armstrong is located in this District.

## SUBSTANTIVE ALLEGATIONS

9. The transactions shown on Form 4s filed with the SEC by Mr. Greg Armstrong for Plains All American Pipeline are listed below: The attached Document from SEC Form 4.com shows all of the relevant filings by Greg Armstrong, who was the CEO when the purchases and dispositions were made.

**Greg Armstrong..Chairman of the Board & CEO**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 20,000 | 8/10/2015 | $36.46 | 20,000 | 5/15/2015 | $48.49 | $240,600 |



Sale(Disposition to Plains) 5/15/2015 for Taxes For $48.49



Buy on 8/10/2015 for $36.46 in the market

3

The disposition to the issuer was discretionary with the issuer. See below from the Jan 26, 2005 Plains All American LTIP.

(b) *Tax Withholding.* **The Company or any Affiliate is authorized to withhold from any Award, from any payment due or transfer made under any Award or from any compensation or other amount owing to a Participant the amount (in cash, Units, other securities, Units that would otherwise be issued pursuant to such Award or other property)** of any applicable taxes payable in respect of the grant of an Award, its exercise, the lapse of restrictions thereon, or any payment or transfer under an Award or under the Plan and to take such other action as may be necessary in the opinion of the Company to satisfy its withholding obligations for the payment of such taxes.

Under these circumstances, the disposition to the issuer is not exempt since Section 16 b of the 1934 Act comprehends such a disposition to be within the purpose of section 16 b. Section 16 b does not allow the SEC to exempt such a disposition from 16 b.

Also:

The Q and A below to and from the Staff of the SEC.........Question 123.16 of May 23, 2007 clearly claims that discretionary withholding of shares for tax, which is the case here, would not **satisfy the specificity of approval requirements under Rule 16b-3(e).**

**Question:** *Would approval of a grant that by its terms provides for* **automatic** *reloads satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants?*
**Answer:** *Yes. Approval of a grant that by its terms provides for* **automatic** *reloads would satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants, unless the* **automatic** *reload feature permitted the reload grants to be withheld by the issuer on a discretionary basis.*
*The same result applies under Rule 16b-3(e) where the* **automatic** *feature is a tax- or exercise-withholding right. [May 23, 2007]*

4

10. All of the Shares Purchased above were market transactions non exempt from section 16 b. This is conceded by attorneys for defendants.

## BASIS FOR INFORMATION AND BELIEF

11. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described above. Also the SEC Staff opinion expressed in the Q and A, No.123.16 of May 23, 2007 support Plaintiff's view that dispositions must be automatic with no discretion to the issuer.

## ALLEGATIONS AS TO DEMAND

12. Plaintiff notified Plains All American Pipeline Inc of the facts alleged above (the "Demand"). An attorney for Plains All American Pipeline responded but could not support his contentions when asked for documents that support his view.

## SUMMARY

Plaintiff has made all of the necessary factual allegations to raise a right to relief in this case to defend against a prospective FRCP Motion under FRCP 12 b-6.
The Plaintiff has shown that for Mr. Greg Armstrong :

1. There was a non exempt purchase of 20,000 shares on 8/10/2015
2. There was a non exempt sale/disposition to the issuer of 20,000 shares on 5/15/2015
3. There was a profit of $240,600 between the non exempt purchase and sales
4. Mr. Greg Armstrong was the Chairman and CEO on the dates of the matched non exempt purchases and sales.
5. Plaintiff owned shares prior to the writing of the 60 day letter to Plains All American seeking recovery for Plains from Chairman Armstrong and still owns them now.
6. Plains All American refused to seek recovery of shares from Mr. Armstrong.

## PRAYER FOR RELIEF

14. WHEREFORE, Plaintiff prays for judgment against Defendant Mr. Greg Armstrong in an amount to be determined at trial, plus prejudgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

15. The amount to be at a minimum of $ $240,600 which is the total profit received from non exempt purchases and non exempt dispositions.

DATED this 7th day of August, 2017.

Respectfully Submitted

*[signature: John Olagues]*

John Olagues

5

Case 4:17-cv-02431   Document 1   Filed in TXSD on 08/08/17   Page 7 of 7